IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY FULLER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0801 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Jerry Fuller has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 1995 state court felony conviction. After considering the pleadings, matters of record, and the applicable law, the Court **DISMISSES** the petition as barred by limitations.

### I.   PROCEDURAL HISTORY

Petitioner was found guilty of attempted murder on February 29, 1995 under cause number 9400553 in the 263rd District Court of Harris County, Texas, and sentenced to fifteen years incarceration. The state court of appeals affirmed the conviction on July 10, 1997. *Fuller v. State*, No. 14-95-00272-CR (Tex. App. – Houston [14th Dist.] 1997, no pet.). Petitioner did not seek discretionary review. His application for state habeas relief, filed on June 19, 2002, was denied by the Texas Court of Criminal Appeals on October 20, 2002. Petitioner challenged the instant conviction in an earlier federal habeas petition, *Fuller v. Cockrell*, C.A. No. H-03-0035 (S.D. Tex. 2003), which was dismissed as untimely on June

30, 2003. He filed a successive state habeas petition on December 2, 2004, which was dismissed as an abuse of the writ on June 8, 2005. Petitioner filed this pending federal habeas petition on February 15, 2006, claiming actual innocence based on new evidence, and denial of due process by the state habeas court in dismissing his successive petition without a hearing.

## II. DISCUSSION

### A. The One-Year Statute of Limitations

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328(5th Cir. 1999).

In this case, petitioner's conviction became final for purposes of the one-year limitation at the conclusion of direct review or the expiration of the time for seeking such review. Petitioner's conviction was affirmed on July 10, 1997. Although he did not file a petition for discretionary review, his last day for doing so was on or about August 10, 1997. That date triggered the AEDPA statute of limitations, which expired one year later on or about August 10, 1998. This pending federal petition, filed in 2006, is time-barred unless an exception applies.

**B. Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period. *Artuz v. Bennett*, 531 U.S. 4 (2000). Petitioner's state habeas petition was filed and dismissed in 2002, and his successive state habeas petition was filed in 2004 and dismissed in 2005. Thus, petitioner's state habeas petitions were filed *after* the one-year

AEPDA limitation expired in 1998, and did not toll the AEDPA limitation. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). His federal petition for habeas relief filed in 2003 provided no tolling effect. *See Duncan v. Walker*, 533 U.S. 167, 182 (2001).

### C.    Equitable Tolling

Equitable tolling applies principally where one party is actively misled by the other party or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Contrary to petitioner's argument, a claim of actual innocence, without more, does not constitute rare and exceptional circumstances equitably tolling limitations. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Nor do infirmities in state habeas proceedings constitute grounds for federal relief. *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992).

Regardless, petitioner's claim of actual innocence relies on the 2002 affidavit of an inmate who claimed that petitioner did not shoot the complainant. This evidence was submitted to the Court in petitioner's unsuccessful 2003 federal habeas proceeding, and constitutes neither new evidence nor proof of petitioner's actual innocence. Accordingly, the petition does not reveal any viable exceptions to or grounds for application of any equitable tolling provisions for the AEDPA limitations bar, and is untimely.

### III.   CONCLUSION

Petitioner's petition for habeas relief is **DENIED** and this case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 15th day of March, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE